CHARLES R. STANDEN AND MAXINE J. STANDEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Standen v. Commissioner
Docket No. 38710-87
United States Tax Court
T.C. Memo 1989-383; 1989 Tax Ct. Memo LEXIS 382; 57 T.C.M. (CCH) 1107; T.C.M. (RIA) 89383; July 26, 1989
Robert O. Case and Joseph B. Cagney, for the petitioners. Luanne S. DiMauro, for the respondent. PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This matter is before the Court on petitioners' Motion For Partial Summary Judgment pursuant to Rule 121. [1] Respondent filed a Notice Of Objection to petitioners' motion. Respondent determined deficiencies in petitioners' *383 Federal income taxes in the amount of $ 51,596 for 1978 and $ 7,356 for 1980. Petitioners' Motion For Partial Summary Judgment raises the issue of whether an assessment respondent made on January 31, 1983, terminated the period within which respondent could assess tax for the year 1978. Petitioners filed their 1978 Federal income tax return on June 20, 1979. Prior to the expiration of the normal three year statute of limitations under section 6501(a), the parties executed an agreement (Form 872) extending the statute of limitations to April 15, 1983. Thereafter, the parties executed a Special Consent To Extend The Time To Assess Tax (Form 872-A), for the years 1977, 1978 and 1979. Petitioners executed this form on December 12, 1982, and respondent executed it on January 27, 1983. Paragraph (2) of the Form 872-A states: This agreement ends on the earlier of the above expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration. An assessment for one period covered by this agreement will not end this agreement for any other period it covers. Some assessments do not reflect *384 a final determination and appeals consideration and therefore will not terminate the agreement before the expiration date. Examples are assessments of: (a) tax under a partial agreement; (b) tax in jeopardy; (c) tax to correct mathematical or clerical errors; (d) tax reported on amended returns, and (e) advance payments. Respondent made an assessment for 1978 of $ 1,711 on January 31, 1983. Respondent mailed a Notice of Deficiency for the years 1978 and 1980 to petitioners on September 23, 1987. Petitioners contend the January 31, 1983, assessment terminated the Form 872-A extension period as to 1978 and, consequently, the Notice of Deficiency was mailed after the statute of limitations had run for 1978. Respondent maintains that the January 31, 1983, assessment was based upon a partial agreement and therefore, did not terminate the Form 872-A consent. Alternatively, respondent argues that if petitioners are claiming that 1978 is barred because of estoppel or res judicata there is no factual basis for such claim. Section 6501(a) provides the general rule that a deficiency in income tax shall be assessed within three years after the return is filed. An exception is found in *385 section 6501(c)(4) which allows the parties to consent in writing to a later assessment provided that such an agreement is made prior to the expiration of the period of limitations. In addition, the period so agreed upon may be further extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. That section leaves the parties free to decide for themselves the terms on which an extension will be granted. ; , (1962), affd. per curiam . In this case the parties reached an agreement and timely executed a Form 872 extending the statute of limitations to April 15, 1983. Before that agreement expired, they executed a Form 872-A, extending the assessment period indefinitely. Under the terms of the Form 872-A, the extension could be terminated unilaterally by either party. Respondent could terminate it by assessing a tax that constituted his final determination of tax and the final administrative appeals consideration. Therefore, our decision on petitioners' motion turns on *386 whether the assessment on January 31, 1983, reflected a final determination of tax. Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The summary judgment procedure is available even though there is a dispute under the pleadings, if it is shown through materials in the record, outside the pleadings, that no genuine issue of material fact exists. Such outside materials may consist of affidavits, interrogatories, admissions, documents or other materials which demonstrate the absence of an issue of fact despite the pleadings. The party moving for summary judgment has the burden of demonstrating that no genuine issue as to any material fact exists, and that he is entitled to judgment as a matter of law. ; . *387 The facts relied upon by the moving party must be viewed in the light most favorable to the opposing party so that any doubt as to the existence of a genuine issue of material fact will be resolved in favor of denying the motion. ; . On the basis of this record, we must deny petitioners' motion on the grounds that there exists a genuine issue of material fact. In support of their motion, petitioners attached a copy of respondent's Form 4549, Income Tax Examination Changes dated September 17, 1980, and December 15, 1980. They claim that because these documents do not indicate that respondent intended only a partial determination, that the assessment for 1978 necessarily constituted a final determination for the year. Objecting thereto, respondent attached an internal document, a Form 2859, Request for Quick or Prompt Assessment which gave rise to the January 31, 1983, assessment. The words "partial agreement" were written on the face of that form. It is clear, therefore, that the nature of the January 31, 1983 assessment remains in dispute. *388 Since that fact is material to our decision, summary judgment is not appropriate. Accordingly, petitioners' Motion For Partial Summary Judgment is denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩